IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MONCEDRUS ROBERTSON,

    Defendant.

Cv. No. 04-1099-T/An
Cr. No. 00-10010-T

---

ORDER DENYING MOTION TO AMEND OR SUPPLEMENT § 2255 MOTION
ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On May 4, 2004, Defendant Moncedrus Robertson, Bureau of Prisons registration number 17166-076, an inmate at the Federal Correctional Institution ("FCI") at Edgefield, South Carolina, filed a motion under 28 U.S.C. § 2255, seeking to set aside the sentence imposed for his convictions for violating 21 U.S.C. § 846.

I. PROCEDURAL HISTORY

On February 14, 2000, a federal grand jury returned a five count indictment against Robertson and twelve co-defendants. Robertson was named in the second, fourth, and fifth counts of the indictment which charged him with conspiracy to possess and distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. On May 17, 2000, Robertson proceeded to trial. The jury returned a guilty verdict on count one on May 19, 2000. On August 15, 2000, the Court conducted a sentencing hearing and imposed a sentence of two hundred forty (240) months imprisonment, along with a fiver year term of supervised release. Counts four and five of the indictment were dismissed at sentencing upon motion of the United States. Robertson appealed, contending his two prior felony convictions should have been

consolidated for sentencing purposes and that there was insufficient evidence to support a guilty verdict for conspiracy to distribute cocaine and cocaine base. The Sixth Circuit Court of Appeals affirmed his conviction and sentence. See United States v. Robertson, 40 Fed. Appx. 933, 935-38 (6th Cir. July 17, 2002).

On May 4, 2004, Defendant filed this pro se motion to vacate his conviction contending trial counsel was ineffective by failing to:

1)      file a motion for acquittal;

2)      object to the admission of co-conspirators' testimony;

3)      challenge the search warrant;

4)      investigate Officer Leslie Hallenback; and

5)      challenge the court's subject matter jurisdiction.

II.    MOTION TO AMEND

On June 22, 2005, Robertson, through counsel, filed a motion to amend his pending § 2255 with a claim that his sentence violates the principles enunciated in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005).

The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion. See Anderson v. United States, No. 01-2476, 2002 WL 857742 at *3(6th Cir. May 3, 2002); Oleson v. United States, No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001). As will be discussed in section III, Robertson's pro se motion filed on May 4, 2004, was untimely. Accordingly, it would be futile to allow him to amend his motion to raise additional claims.

Once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA). Oleson, 2001 WL 1631828 at *3 (citing

United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.")).[1] The motion to amend filed on June 22, 2005, is untimely and the issues therein are barred by the AEDPA statute of limitations.

Alternatively, to the extent that the motion to amend contends that Blakely and Booker are "new rule[s] of constitutional law" which entitle him to relief, such amendment would be futile, as Robertson cannot demonstrate that either case has been "made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255.  New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

In Booker, although the Supreme Court determined that its holding in Blakely applies to the Sentencing Guidelines, Booker, 543 U.S. 242-244, the Court also expressly stated that its holding must be applied to all cases on direct review.  Booker, 543 U.S. at 268 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague.  Id. at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague).  Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings.  Humphress, 398 F.3d at 860.

---

[1]        See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA" (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

Accordingly, it would be futile to allow Robertson to amend or supplement his motion to vacate to seek retroactive application of <u>Blakely</u> and <u>Booker</u>.  The motion is hereby DENIED.

III.   <u>Analysis of Remaining Issues</u>

The AEDPA  created a statute of limitations for filing habeas petitions under § 2255. Because this petition was filed after April 24, 1996, the AEDPA is applicable.  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997).  The Court should consider this statute of limitations as a threshold matter.  <u>Holloway v. Corcoran</u>, 980 F. Supp. 160, 161 (D. Md. 1997), <u>app. dismissed</u>, 161 F.3d 1155 (4th Cir. 1998); <u>Bronaugh v. Ohio</u>, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review."  <u>Johnson v. United States</u>, 246 F.3d 655, 657 (6th Cir. 2001).  The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003).  In this case, the Sixth Circuit issued its decision on direct appeal on July 17,

4

2002, and Robertson's conviction became final ninety days later, on September 16, 2002, when the time for filing a petition for a writ of certiorari expired.[2]   Accordingly, the limitations period expired on September 16, 2003, unless one of the conditions set forth above is applicable.  Robertson's motion was filed on May 4, 2004, and it would, therefore, appear to be untimely.

Robertson argues that subsection (4) is applicable here.  Although a motion for new trial under Rule 33 of the Federal Rules of Criminal Procedure is the appropriate method for raising a newly discovered evidence claim, the time for filing such a motion under Rule 33 has expired.[3]  Furthermore, subsection (4) does not seem to apply to the discovery of new legal claims but, rather, appears to be limited to factual issues.[4]

As the Sixth Circuit noted in connection with newly discovered factual evidence, Robertson must demonstrate that:

> (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal.

United States v. Seago, 930 F.2d 482, 488 (6th Cir. 1991)(citing United States v. O'Dell, 805 F.2d 637, 640 (6th Cir. 1986).

As a threshold matter, Robertson has presented no facts in support of his claim that he exercised due diligence and additionally, cannot meet the other factors set forth in Seago. To the extent that Moncedrus Robertson had standing to challenge the search of Cedric

---

[2]     The actual deadline fell on Sunday, September 15, 2002.  Accordingly, under Fed. R. Civ. P. 6, Robertson's time was extended until the following Monday.

[3]     Robertson contends this argument is alternatively brought pursuant to Fed. R. Civ. P. 60(b), however, that civil procedural rule is inapplicable to his criminal case and prosecution.

[4]     Subsection (3) addresses new legal issues.  The claim that any action of Officer Hallenback caused the search and seizure to be illegal was readily available at the time of his conviction and, therefore, this section is plainly inapplicable.

Robertson's residence, the search was performed after the execution of a drug search warrant. Any factual basis for challenging that search was available prior to defendant's trial.

Robertson submits a newspaper article, dated October 31, 2003, noting that Leslie Hallenback, a testifying officer in his prosecution, had been prohibited by the Madison County District Attorney General from testifying in future state criminal prosecutions due to her failure to obtain a proper search and arrest warrant, which led to the dismissal of a state criminal case. Robertson has submitted no facts or affidavit which demonstrate any connection between that state criminal case and his federal criminal prosecution. Furthermore, it is clear that the officer's actions in another case would merely constitute evidence for impeachment. Robertson's submission is mere conjecture without any factual basis for challenging the search in his criminal case. No set of circumstances exists that would permit this court to conclude that Robertson's claims are timely pursuant to subsection (4). This argument is without merit.

In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008. This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500.

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . .   Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period.  Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period.").

The motion contains no argument that Robertson lacked notice of, or knowledge of, the filing requirement.  Robertson alleges that counsel failed to "petition the Supreme Court" despite his request.  That allegation presents no basis for equitable tolling, however, because Robertson had no federal constitutional right to counsel to mount a collateral attacks upon his convictions.  See Coleman v. Thompson, 501 U.S. 722, 752 (1984); Johnson v. Avery, 393 U.S. 483, 488 (1969).  The right to appointed counsel extends to the first appeal of right, and no further.  Pennsylvania v. Finley, 481 U.S. 551, 554 (1987).  Furthermore, the conclusory allegation presents no explanation for Robertson's own failure to timely file this §2255 motion.  Mere negligence or a mistake of fact is ordinarily not the type of extraordinary circumstances that warrants equitable tolling.  Brown v. United States, 20 Fed Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period.").  Equitable tolling is inappropriate in this case.

Robertson's motion to vacate is untimely and barred by the AEDPA statute of limitations.  The motion, together with the files and record in this case "conclusively show

that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  <u>See also</u> Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts.  Therefore, the court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing.  <u>United States v. Johnson</u>, 327 U.S. 106, 111 (1946); <u>Baker v. United States</u>, 781 F.2d 85, 92 (6th Cir. 1986).  Defendant's convictions and sentences are valid and his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal.  Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.  Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability.  No § 2255 movant may appeal without this certificate.

<u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA.  The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983).  <u>See</u> <u>Lyons</u>, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right.  [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits.  He has already failed in that endeavor.  Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

<u>Barefoot</u>, 463 U.S. at 893 (internal quotations and citations omitted).  In this case, the defendant is clearly not entitled to amend his motion; he cannot seek retroactive application of <u>Blakely</u> or <u>Booker</u> on collateral review; and his original petition is clearly untimely.  Thus, he cannot present a question of some substance about which reasonable jurists could differ.  The Court therefore denies a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions.  Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases).  Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[5] the prisoner must seek permission from the district court under Fed. R. App. P. 24(a).  Hereford, 117 F.3d at 952.  If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith.  For the same reasons the Court denies a certificate of appealability, the Court determines  that any appeal in this case would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis. IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[5]     The fee for docketing an appeal is $450.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.